UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ATLANTECH INC., | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | Civil Action No. 07-10342-JLT |
| | * | |
| AMERICAN PANEL CORP., | * | |
| APC ACQUISITION CORP., INC., and | * | |
| UNIVERSAL AVIONICS SYSTEMS | * | |
| CORP., | * | |
| | * | |
| Defendants/Appellees. | * | |

MEMORANDUM

January 11, 2010

TAURO, J.

This is in response to an <u>Order of the Court</u>[1] issued by the First Circuit Court of Appeals on December 30, 2009. That order directed this court to file a written submission within 30 days to clarify its thinking as to "why the [district] court declined to conduct further proceedings" in the action now being appealed. In requesting clarification, the First Circuit commented:

> It is unclear to us why the court closed the case in the first place. The order, memorandum, and separate judgment of March 24, 2008, decided some claims (in part or whole) on the merits, bypassed others (apparently as moot), and awarded only injunctive relief on the contractual claims despite finding that Atlantech had suffered damages from one defendant's breach of contract. There was unfinished business at the time of the judgment and we should like to know why the court declined to conduct further proceedings. Until it clarifies its thinking, we take no view as to when the judgment became final–with the entry of the March 2008 judgment; the first denial of reopening; the second denial of reopening; or, as appellant maintains, never.

---

[1] The <u>Order of the Court</u> is attached to this memorandum as Appendix A.

The following abbreviated procedural history is relevant to an explanation of the actions of this court. On February 21, 2007, appellant/plaintiff Atlantech filed suit against American Panel Corp., APC Acquisition Corp., Inc. ("APC Acquisition") and Universal Avionics Systems Corp., to obtain specific performance, injunctive relief and damages in connection with the sale of certain specialized aircraft LCD displays. On March 24, 2008, this court granted summary judgment (the "March 2008 Order") in favor of appellant on its contract claims, and ordered specific performance and injunctive relief.[2] In so doing, this court also held that it "need not reach Atlantech's claims for negligent misrepresentation and intentional interference,"[3] lodged against all defendants in the case. The court then entered judgment[4] in favor of Atlantech, closing the case.

On March 27, 2008, appellee/defendant APC Acquisition filed a Notice of Appeal,[5] of the March 2008 Order, that had granted summary judgment to Atlantech. APC Acquisition also appealed an order issued on August 24, 2007 denying its motion to dismiss for lack of personal jurisdiction. But, significantly, appellant/plaintiff Atlantech did not appeal the March 2008 Order.

On May 1, 2008, appellant/plaintiff Atlantech filed a Motion to Reopen Case ("First Motion to Reopen").[6] As that First Motion to Reopen is silent on the question of its procedural

---

[2] 1:07-cv-10342-JLT, Docket No. 114.

[3] 1:07-cv-10342-JLT, Docket No. 115, Memorandum at p. 21, n. 87.

[4] 1:07-cv-10342-JLT, Docket No. 116.

[5] 1:07-cv-10342-JLT, Docket No. 118.

[6] 1:07-cv-10342-JLT, Docket No. 132.

basis, it was not clear whether appellant/plaintiff sought reconsideration under Fed. R. Civ. P. 59(e), 60(a) or 60(b). The motion was untimely under Rule 59(e), which, prior to its recent amendment, imposed a ten-day deadline on motions to alter or amend judgments. This court was, therefore, "without authority to consider it under Rule 59(e)."[7] This court also did not have discretion to entertain this motion under Rule 60(a), because an appeal had already been docketed in the case.

This court, therefore, considered the First Motion to Reopen to be a motion for reconsideration pursuant to Rule 60(b). This court denied Atlantech's First Motion to Reopen six days later, in accordance with the protocol outlined in Puerto Rico v. S.S. Zoe Colocotroni,[8] which advises that "when an appeal is pending from a final judgment, parties may file Rule 60(b) motions directly in the district court without seeking prior leave from [the First Circuit]. The district court is directed to review any such motions expeditiously, within a few days of their filing, and quickly deny those which appear to be without merit, bearing in mind that any delay in ruling could delay the pending appeal."

Substantively, appellant/plaintiff Atlantech presented three arguments in the First Motion to Reopen:

- FIRST, that Counts V (negligent misrepresentation) and VI (intentional interference with contractual relations) of the Second Amended Complaint remained to be tried because, though this court resolved contractual issues in

---

[7] Fisher v. Kadant, Inc., No. 09-1495, 2009 U.S. App. LEXIS 28248, at *16 (1st Cir. Dec. 23, 2009).

[8] 601 F.2d 39, 42 (1st Cir. 1979).

3

> Atlantech's favor in the March 2008 Order, this court "did not dispose of" Atlantech's "tort theories" in its summary judgment order;

- SECOND, that this court left for later disposition a ruling on contractual claims relating to APC 890-100 and 890-500 displays; and

- THIRD, that the damages portion of the case remained to be tried.

This court, in reviewing these arguments, did not discern any cognizable basis for relief from judgment under Rule 60(b). Rather, the court interpreted appellant/plaintiff's motion as an attempt to relitigate issues directly considered in this court's 22-page Memorandum that accompanied the March 2008 Order. The Memorandum explained that, given "this court's decision on summary judgment and Atlantech's request for injunctive relief, this court need not reach Atlantech's claims for negligent misrepresentation and intentional interference".[9] A separate discussion on the tort claims and damages would have been redundant, in light of the fact that this court had already ordered specific performance of the contract and injunctive relief. The Memorandum also explained that a ruling on contractual claims relating to APC 890-100 and 890-500 displays was "unnecessary to the outcome of the matter."[10]

The proper procedure for any grievances arising from the Memorandum was an appeal. But, Atlantech did not file a direct appeal of this court's March 2008 Order and Judgment. In failing to do so, Atlantech forfeited its right to challenge the correctness of this court's entry of

---

[9] 1:07-cv-10342-JLT, Docket No. 115, Memorandum at p. 21, n. 87.

[10] 1:07-cv-10342-JLT, Docket No. 115, Memorandum at p. 7.

judgment.[11]

On October 27, 2008, the First Circuit issued a judgment (the "October 2008 Judgment") on the appeal of the March 2008 Order filed by APC Acquisition Corporation.[12] In that Judgment, the First Circuit "summarily affirmed" this court's grant of summary judgment in favor of appellant/plaintiff Atlantech, "essentially for the reasons explained in [the district court's] Memorandum of March 24, 2008." Further, the October 2008 Judgment denied Atlantech's "request for a ruling regarding the so-called 'administrative closure' of the case," and also noted that "[a]n appeal of the denial of its motion to reopen was available but not taken."

Six months later, on March 23, 2009, appellant/plaintiff Atlantech filed another motion attacking this court's earlier entry of judgment, presenting arguments largely duplicative of those posed in Atlantech's First Motion to Reopen. That motion, titled a Motion to Reopen and for Clarification[13] (the "Second Motion to Reopen"), again requested that this court "address . . . (1) Atlantech's contract claims on products upon which Judge Tauro reserved judgment; (2) Atlantech's tort claims upon which Judge Tauro also reserved judgment; and (3) the damages phase of this case, which was bifurcated on December 3, 2007." In addition to rearguing these substantive issues, the Second Motion to Reopen also requested that this court clarify "Atlantech's ownership rights in the intellectual property contained in the Data Warehouse Documents," documents that were the subject of part of this court's March 2008 Order.

---

[11]See Smilow v. Southwestern Bell Mobile Sys., 323 F.3d 32, 43 (1st Cir. Mass. 2003) ("Issues raised on appeal in a perfunctory manner (or not at all) are waived.") (citing Ryan v. Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1990)).

[12]The October 2008 Judgment is attached to this memorandum as Appendix B.

[13]1:07-cv-10342-JLT, Docket No. 139 at p. 1.

It is clear that, in essence, Plaintiff/appellant's Second Motion to Reopen attacked the propriety of this court's original entry of judgment on March 24, 2008. In denying the motion, this court reasoned that it would not be proper to revisit the March 24, 2008 judgment, in light of the First Circuit's October 2008 Judgment "summarily affirm[ing]" that judgment and "den[ying]" Atlantech's "request for a ruling regarding the so-called 'administrative closure' of the case". Atlantech raised no new material arguments in its Second Motion to Reopen that would justify post-judgment relief. Moreover, this court understood that, by declining to file an appeal of either this court's March 2008 Order or the order denying the First Motion to Reopen, the appellant/plaintiff waived or forfeited its right to challenge the substance of that decision.[14] In so doing, the court relied in part on the language of the October 2008 Judgment, where the First Circuit pointed out that "[a]n appeal of the denial of [Atlantech's] motion to reopen was available but not taken."

For all of the foregoing reasons, and with the understanding that "Rule 60(b) relief is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly,'"[15] this court denied plaintiff/appellant's Second Motion to Reopen on April 22, 2009.

/s/ _____
United States District Judge

---

[14] See Smilow, 323 F.3d at 43.

[15] Fisher, No. 09-1495, 2009 U.S. App. LEXIS 28248, at *19 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).